# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

M.D. Doe, *et al.*,

                Plaintiffs,      Case No. 13-cv-11687

v.                                     Judith E. Levy
                                     United States District Judge

Livonia Public Schools, *et al.*,

                                     Mag. Judge Mona K. Majzoub

                Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION [264] AND GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION [265]

On December 21, 2017, the Court issued an order dismissing certain of plaintiffs' claims, based on a review of the record and a portion of defendants' motion for summary judgment setting forth claims that plaintiffs had purportedly stipulated to dismiss. (Dkt. 263.) This was also based on a review of plaintiffs' response to the motion for summary judgment, which contained no identified response to defendants' argument that plaintiffs had stipulated to dismiss the claims set forth in the motion for summary judgment.

Plaintiffs have filed a motion for reconsideration, arguing that they did not stipulate to dismiss their claims regarding the denial of a free, appropriate public education, or to dismiss the constitutional claims of plaintiff C.W. Doe. (Dkt. 264.)

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."

*Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Plaintiffs' first argument is that they did not stipulate to the dismissal of their claims to a free, appropriate public education ("FAPE") in the first seventeen counts of their complaint. Plaintiffs have stipulated that "there is no *constitutional* right to a FAPE," but argue that they are instead seeking to recover for the deprivation of a FAPE under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (Dkt. 264 at 3.) However, plaintiffs' complaint states that each defendant identified in the complaint deprived the plaintiffs of their "substantive due process rights to a free, appropriate and least restrictive education possible." (Dkt. 1 at 10-41.) This is a constitutional claim brought under the Fourteenth Amendment to the United States Constitution. *See Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997) (setting forth the boundaries of substantive due process under the Due Process Clauses of the Fifth and Fourteenth Amendments).

The complaint does not mention the IDEA, and does not assert a cause of action under the IDEA. Plaintiffs argue that generally

asserting a cause of action under 42 U.S.C. § 1983 constituted stating a claim under IDEA, and in the alternative, seek leave in their response to the motion for summary judgment to amend their complaint to assert IDEA claims. (Dkt. 264 at 3 (quoting Dkt. 252 at 72-74).)

Plaintiffs pleaded constitutional claims regarding a free, appropriate public education in their complaint, and they acknowledge they they are no longer pursuing these claims. The Court dismissed those claims based on that acknowledgement, and made no palpable error in doing so. To the extent plaintiffs wish to seek leave to amend their complaint at the summary judgment stage to assert claims under IDEA, the plaintiffs must file a separate motion to amend in compliance with E.D. Mich. Local R. 15.1.

Plaintiffs' second argument is that they did not intend to dismiss plaintiff C.W. Doe's constitutional claims. (Dkt. 264 at 4.) Plaintiffs conceded that C.W. Doe's constitutional claims were "probably" resolved or rendered moot by the decision in *Gohl v. Livonia Public Schools*, (Dkt. 237 at 3), and never again mentioned those claims in their submission to the Court regarding the impact of the *Gohl* decision. However, plaintiffs now contend that they did not intend to waive C.W.

4

Doe's constitutional claims in that submission, and the Court will reinstate them.

Defendants have filed a motion for reconsideration, although it is better deemed a motion for clarification. Defendants request that the Court explicitly state that the claims dismissed in the Court's order be dismissed with prejudice, and that the Court add Counts 52 and 53 to the portion of the order stating each claim that was dismissed.

For the reasons set forth above, it is hereby ordered that:

Plaintiffs' motion for reconsideration (Dkt. 264) is GRANTED with respect to the reinstatement of plaintiff C.W. Doe's constitutional claims and DENIED with respect to the reinstatement of their constitutional claims for a free, appropriate public education; and

Defendants' motion for reconsideration/clarification (Dkt. 265) is GRANTED IN PART. Counts 13, 18 through 33, 35 through 50, 52, 53, 81, and 85, as well as the portions of Counts 1 through 17 alleging a denial of a free, appropriate public education in violation of due process

rights are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 22, 2018   s/Judith E. Levy
Ann Arbor, Michigan   JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager